James E. PETERSON, Individually, Concord Manor, Inc., Appellant,

v.

Don CAYLOR et al., Appellees.

No. 5380.

Court of Civil Appeals of Texas, Waco.

Oct. 24, 1974.

Turner, Rodgers, Sailers, Jordan & Calloway, Jerry N. Jordan, Dallas, for appellant.

Mitchell & Harris, James L. Mitchell, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant (defendant) Peterson from judgment against him on a note for $6500. (plus interest and attorneys' fees) in favor of appellees (plaintiffs) Caylor and Walker; and an appeal by appellant (defendant) Concord Manor, Inc. from judgment against it for services rendered for $2260. (plus interest) in favor of appellee (plaintiff) Walker Farrington Company.

Appellees Caylor and Walker sued appellant Peterson on a $6500. note payable to Texas National Bank of Dallas and en-

dorsed to appellants; and appellee Walker Farrington & Co., an accounting firm, sued appellee Concord Manor, Inc. for money due for accounting services. (While this is a two-pronged suit, appellees Walker and Caylor are principal owners of appellee Walker Farrington & Co., and appellant Peterson is the principal owner of appellant Concord Manor, Inc.)

Trial was to the court which rendered judgment for appellees Walker & Caylor against appellant Peterson for $6500. (plus interest and attorneys' fees) on the note; and rendered judgment for appellee Walker Farrington & Co. against Concord Manor, Inc. for $2260. (plus interest) for accounting services rendered.

Appellants appeal on six points contending:

1) The trial court erred in rendering judgment against Peterson on the note as there is no evidence Peterson executed the note (and the judgment is against the great weight and preponderance of the evidence).

2) The trial court erred in rendering judgment against Peterson on the note as there was no evidence that shows him liable as he was an accommodation maker of the note (and the judgment is against the great weight and preponderance of the evidence).

3) The trial court erred in rendering judgment against Concord Manor, Inc. for accounting fees as there was no evidence or insufficient evidence to support a finding of reasonable value of such services.

Appellants' contentions 1 and 2 assert that Peterson did not sign the note, and that if he did he was an accommodation maker. Peterson was President and principal owner of Concord Manor, Inc., a nursing home. Appellees Walker and Caylor are CPAs who for several years through appellee Walker Farrington & Company furnished accounting services to

Peterson, Concord Manor, Inc. and other corporations owned by Peterson. In 1969 Peterson and Corporations owned by him, owed appellees $8500. for accounting fees which Peterson and the Corporations could not pay. Appellees said unless they were paid they could not continue to do accounting work for Peterson and the Corporations. Peterson agreed to pay what was owed if appellees would help him make a loan. In December 1969, appellees accompanied Peterson to the Texas National Bank. The bank refused to loan Peterson the money unless appellees guaranteed payment. Appellees signed a collateral guarantee, and Peterson executed a note for $8750. to the bank. The proceeds of the loan were deposited to appellees' accounting firm account and Petersons, and the other Corporations' accounts were marked paid.

Appellees' accounting firm continued to do accounting work for Concord Manor through July 1970.

The $8750. note was due in 90 days, and Peterson paid $1000. on it and renewed it. The renewal note came due July 8, 1970, and Peterson paid $1250. on same and renewed it to September 8, 1970 in the amount of $6500. This is the note involved in this case. Peterson defaulted on payment of this note and the bank called on appellees for payment under their collateral agreement. Appellees paid the bank $6500. plus interest and the bank endorsed the note to appellees.

The note is reproduced as follows:

Name James E. Peterson _____ No. 6153

$ 6500.00 ____ Dallas, Texas ____ July 8, ____, 19 70 (62) ____ days after date, without grace, for value received, I, we, or either of us, promise pay to the order of TEXAS NATIONAL B L OF DALLAS, at its office in Dallas, Texas, Six Thousand Five Hundred dollars and no/100---- ------------------- DOLLARS with interest from date, payable at maturity, at an ANNUAL PERCENTAGE RATE OF _____ 10 _____, and with interest from maturity until paid at the annual percentage rate of ten percent (10%).

for value received, and further promise, if this note is placed in the hands of an attorney for collection, to pay twenty percent additional on the full amount due for attorney's fees.

The makers, endorsers, sureties, and guarantors, severally waive extension of time of payment, presentment and demand for payment, protest and notice of protest for the non-payment of this note. Upon the occurrence, with respect of any maker, endorser, surety or guarantor hereof of any of the following: calling of a meeting of creditors, assignment for the benefit of creditors; application for, or appointment of, a receiver of any of them or their property; filing of a voluntary or involuntary petition under any of the provisions of the Bankruptcy Act or amendments thereto, issuance of a writ of attachment, garnishment, execution entry of a judgment; failure to pay, withhold, collect or remit any tax or tax deficiency, Federal, State or local, when assessed or due; death; dissolution; making, or sending notice of an intended bulk sale, mortgage or pledge of any property; suspension or liquidation of their usual business; default in payment of this note or any other obligation to or acquired in any manner by payee; or if the condition or affairs of any of them shall so change as, in payee's opinion, shall increase payee's credit risk or if payee deems payee insecure—this note and all other obligations direct or contingent, without notice or demand. Makers at any time during the term of this note shall have the privilege of prepayment without suffering any penalty, and further, the right to an adjustment of all finance charges by prorating each of same to date of payment.

James E. Peterson
c/o Caylor Walker & Co.
1005 W. Semmons Tower
Dallas, Texas 75247

TIME ____
SEP 20 1973
SEP 20 1973
BILL SHAW DUBLIN
DIST CLERK. DALLAS COUNTY

Sept. 8, 1970
FINANCE CHG. $111.94

COLLATERAL ____ Renew # 5766 Open Endorsed: Jerry D. Walker, Don Caylor

---

### DISCLOSURE STATEMENT OF LOAN

This indebtedness is a single-payment obligation due on Sept. 8, 1970 . The total payment due on that date will be $ 6611.94 .

Credit Life Ins. $ ____

Accident & Health Ins. $ ____

Other $ ____

FINANCE CHARGE $ 111.94

Unpaid Former Balance

Loan # 5766 $ 6500.00

Other ____ $ ____

Amount Financed $ 6500.00

Required Deposit Bal. $ ____

Taxes $ ____

ANNUAL PERCENTAGE RATE $ 10%

☐ Insurance is required by Creditor
☒ Insurance is not required by Creditor
☐ I desire insurance coverage

PLAINTIFF'S EXHIBIT

DATE    SIGNATURE    TYPE OF COVERAGE DESIRED
☐ I do not desire insurance coverage
7-8-70   James E. Peterson

DATE   SIGNATURE
☐ If this box is checked, this indebtedness is unsecured
☐ If this box is checked, this indebtedness is secured by collateral as described by a ____
dated ____, a copy of which is attached.
Note: The Security Agreement, if any, will secure future or other indebtedness and will cover all after-acquired property.
I/WE ACKNOWLEDGE THAT I HAVE READ THE ABOVE NOTE, DISCLOSURE STATEMENT AND THE ABOVE DESCRIBED AND ATTACHED DOCUMENTS, IF ANY, AND HAVE RECEIVED A COPY OF EACH WITH ALL BLANKS COMPLETED.

James E. Peterson

Peterson's name is typed at the end of the note proper, and Peterson signed the acknowledgment of the note and desire not to have insurance coverage.

The evidence is undisputed Peterson borrowed this money from Texas National Bank to pay delinquent accounting fees owed by Peterson and Corporations of which he was a partial owner and officer, to appellees. The accounting firm accepted the money, marked Peterson's and the Corporations' accounts paid, and continued to render accounting services to them.

■ Contentions 1 and 2 are overruled.

■ Contention 3 asserts there is no evidence or insufficient evidence to support a finding of reasonable value of service rendered Concord Manor, Inc. Concord Manor, Inc. agreed to pay $350. per month for the accounting services rendered. No portion of the bill was paid. Concord Manor, Inc. thus owed appellee accounting firm for such debt.

Contention 3 is overruled.

Affirmed.